UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARY J. PICKETT, | ) | |
| Petitioner, | ) | 2:07-cv-01008-LRH-PAL |
| vs. | ) | |
| | ) | <u>ORDER</u> |
| WARDEN NEIVENS, *et al.*, | ) | |
| Respondents. | ) | |

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Cary J. Pickett, a Nevada prisoner. Before the court is respondents' motion to dismiss (docket #8) and petitioner's opposition (docket #15).

## I.   Procedural History

Petitioner entered a guilty plea to one count of burglary, and was sentenced to a minimum of 36 months and a maximum of 120 months in prison. Exhibits 1.[1] Petitioner's sentenced was suspended and he was placed on an indeterminate term of probation that was not to exceed five years. *Id.* The sentence was to run consecutively with lower court case C143146. *Id.* On April 2, 1998, petitioner's probation was revoked and the original sentence of 36-120 months was imposed. *Id.* Prior to the expiration of his sentence, petitioner was released on parole. At some point the petitioner was taken into custody for a violation of parole. After two parole hearings, petitioner's

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss the petition for writ of habeas corpus, and are located in the record at docket #7.

parole was revoked.

Petitioner filed a petition for writ of mandamus with the Eighth Judicial Circuit Court on May 17, 2006. Exhibit 2. Petitioner argued that the Nevada Board of Parole Commissioners violated NRS 213.1517 when it conducted a second parole revocation hearing. *Id.* The petition for writ of mandamus was taken off the district court's calendar for failure to serve the Office of Attorney General. Exhibit. Petitioner has not made any additional attempts to litigate the petition for writ of mandamus or the issues in the state district court.

Petitioner then filed a petition for writ of mandamus with the Nevada Supreme Court. Exhibit 4. Petitioner alleged that the parole board violated NRS 213.1517, as it did not have the authority to hold him for a second parole revocation hearing. *Id.* The Nevada Supreme Court denied the petition after considering the documents petitioner submitted. Exhibit 5.

This Court received a federal petition for writ of habeas corpus on July 30, 2007 (docket #1). Respondents have filed a motion to dismiss the petition, arguing that the petition contains grounds that are unexhausted or that fail to state a federal claim (docket #8). Petitioner opposes the motion (docket #15).

**II. Discussion**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404

U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. S*ee also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of state and federal error is insufficient to establish exhaustion").

Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (*en banc*)). Exhaustion is not met if a petitioner presents to the federal court facts or evidence which place the claim in significantly different posture than it was in the state courts, or where different facts are presented to the federal court to support the same theory. *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Johnstone v. Wolff*, 582 F.Supp 455, 458 (D. Nev. 1984).

In his first ground for relief petitioner alleges that his due process rights and right to be free from double jeopardy were violated when he was detained after being granted parole. Specifically petitioner contends that he was released on parole on January 8, 2007, but he was taken to jail, detained, and was recharged with a violation of parole. In ground two petitioner alleges that the parole revocation hearing held on March 29, 2007 violated double jeopardy. Ground three contends that the parole board's authorization of the second revocation violates due process, double jeopardy, and NRS 213.1517.

Respondents argue that claims one and three do not state grounds for federal relief, and that the claims are unexhausted. Moreover, respondents also assert that ground two is unexhausted. Petitioner opposes respondents' arguments relating to exhaustion, stating that he presented his claims to the Nevada Supreme Court in his petition for writ of mandamus, the Nevada Supreme Court considered the claims and rejected them, and therefore his claims were properly presented to the state's highest court.

A petitioner cannot meet the requirements for exhaustion by raising his federal claims for the first time on discretionary review in the Nevada Supreme Court. *Castille v. Peoples*, 489 U.S. 346,

351 (1989) ("submission of a new claim to a State's highest court on discretionary review" does not constitute a fair presentation of the claim under the requirements of exhaustion when "the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons'"); *Knight v. White*, 122 F.3d 1072 (9th Cir. 1997). While the petitioner in this case brought his claims for the first time in a petition for extraordinary writ to the Nevada Supreme Court, the court stated that it did consider the petitioner's claims, and found that relief was not warranted. Exhibit 5. Thus, Nevada Supreme Court appears to have addressed the merits of the mandamus petition. *See Blair v. Crawford*, 275 F.3d 1156, 1159 (9th Cir. 2002); *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).

However, the petitioner did not present *federal* grounds for relief in his petition of writ of mandamus filed with the Nevada Supreme Court. The petition for writ of mandamus only contained the claim that the parole board violated NRS 213.1517 when it held a second parole hearing. While the petition did also state that the petitioner's due process rights were violated, there is no reference to specific federal constitutional guarantees along with facts that warrant relief. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (stating "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion"). The state petition for writ of mandamus only generally mentions "due process" and never alleges any claim of a violation of double jeopardy. The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). The Court finds that the claims in the federal habeas petition are unexhausted.

Furthermore, the petitioner has raised claims that are not cognizable under federal habeas corpus. The petitioner essentially raised only issues of state law in his mandamus petition. Petitioner is challenging the second parole revocation hearing, and asserts that the parole board violated NRS 213.1517. The Nevada Supreme Court did not find a violation of NRS 213.1517. When a state interprets its own laws or rules, no basis for federal habeas corpus relief is presented, as no federal constitutional question arises. *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993)

1  (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th
2  Cir. 1999) ("errors of state law do not concern us unless they rise to the level of a constitutional
3  violation"). Moreover, a state law issue cannot be mutated into one of federal constitutional law
4  merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389
5  (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of
6  federal constitutional law which establishes the right in question.

The Court finds that petitioner's state law claims are not cognizable in federal court.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (docket #8) is **GRANTED.** The petition is **DISMISSED without prejudice** for petitioner's failure to exhaust his claims in state court and for failing to raise claims that are cognizable in a federal habeas corpus petition.

**IT IS FURTHER ORDERED** that petitioner's motion for the status of the case (docket #16) is **GRANTED**. This order shall serve to update the petitioner on the status of the case.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY**.

DATED this 3rd day of December, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE